UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                                                    Chapter 7

Marie Tooker a/k/a Marie Guerrera,                             Case No. 804-83469-511

                       Debtor.

------------------------------------------------------------X
Never Alone, Never Afraid, Inc.,

                       Plaintiff,                               Adv. Pro. No.

        -against-                                                          **COMPLAINT**

Marie Tooker a/k/a Marie Guerrera,

                       Defendant.

------------------------------------------------------------X

Plaintiff, Never Alone, Never Afraid, Inc., by its attorneys, Weinberg, Gross & Pergament LLP, as and for its Complaint herein, alleges as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding is commenced pursuant to 11 U.S.C. §105, 28 U.S.C. §2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking a declaratory judgment compelling the Defendant to comply with Plaintiff's option to purchase the real property known as 1040 Flanders Road, Flanders, New York ("Flanders Property") and declaring that the purchase price is $1,800,000.00. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(a) and §1334(b).

2. The claims for relief in this proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2).

3. This Court has venue pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

4. Plaintiff is a not for profit corporation organized and existing under the laws of the State of New York with its principal place of business located at 1040 Flanders Road, Flanders, New York.

5. On or about May 25, 2004, Marie Tooker a/k/a Marie Guerrera (hereinafter "the Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has remained in possession and management of her properties and affairs.

6. Upon information and belief, at all times relevant herein, the Debtor has been a domiciliary of the State of New York, County of Suffolk.

7. On or about November 1, 2002, the Plaintiff and the Debtor entered into a Lease Agreement for the Flanders Property. The Lease Agreement required monthly payments of rent and granted to Plaintiff the option to purchase the Flanders Property for $1,800,000.00.

8. The Plaintiff has advised the Debtor of its exercise of that option and that it is ready willing and able to purchase the Flanders Property for $1,800,000.00.

9. The Debtor, through counsel, has asserted that the Plaintiff has waived its option to purchase the Flanders Property and has declined to convey the Flanders Property in accordance with the Lease.

## AS AND FOR A FIRST CLAIM FOR RELIEF

10. The Plaintiff has notified the Debtor of its exercise of its option to purchase the Flanders Property for $1,800,000.00.

11. The Debtor has declined to transfer the Deed for the Flanders Property to the Plaintiff.

12. Pursuant to 28 U.S.C. Section 2201, the Plaintiff requests a declaratory judgment finding that the option to purchase the Flanders Property is enforceable and compelling

the Debtor to convey a Deed and all related documents for the Flanders Property to the Plaintiff, free and clear of all claims, liens and encumbrances and provide insurable title and directing that said closing shall occur on or before December 31, 2005.

WHEREFORE, the Plaintiff, Never Alone, Never Afraid, Inc. respectfully requests that this Court grant judgment against the Defendant as follows:

    a.    a declaratory judgment finding that the Plaintiff's option to purchase the Flanders Property is enforceable and compelling the Debtor to convey a Deed and all related documents for the Flanders Property to the Plaintiff, free and clear of all claims, liens and encumbrances and provide insurable title in exchange for the sum of $1,800,000.00, and that said closing shall occur on or before December 31, 2005;

    b.    awarding the Plaintiff its attorney's fees and costs; and

    c.    such other and further relief as this Court deems just and proper.

Dated:   Garden City, New York
         October 25, 2005

                          Weinberg, Gross & Pergament LLP
                          Attorneys for Plaintiff

      By:          _____
                          Marc A. Pergament (MP-6183)
                          400 Garden City Plaza, Suite 403
                          Garden City, New York 11530
                          (516) 877-2424